UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 21 CR 768 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| JUAN GUAJARDO-MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Defendant Juan Guajardo-Martinez argues that the Court should dismiss the indictment charging him with violating 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4), which make it a crime for a previously deported alien to reenter the United States without securing the Attorney General's permission, because the Government failed to comply with the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, by not indicting him within 30 days after Immigration and Customs Enforcement ("ICE") agents detained him. Because no such violation occurred, the Court denies the motion.

**BACKGROUND**[1]

The United States has removed Guajardo-Martinez, a Mexican citizen, three times, with his most recent removal occurring on June 4, 2021. Guajardo-Martinez never applied for permission to reenter the United States since his original 2001 deportation. It did not take long after his most recent removal for Guajardo-Martinez to find himself back on U.S. soil—on December 12, 2021, an anonymous informant reported that Guajardo-Martinez was living in Waukegan, Illinois. ICE agents subsequently arrested Guajardo-Martinez on December 16, 2021, and transported him to the ICE Broadview Service Staging Area.

---

[1] The facts as recited by the Court come from the allegations from the criminal complaint, Doc. 1, and the parties' briefs and related attachments, Docs. 57, 58, 59.

1

After taking him into custody, ICE notified Guajardo-Martinez that the Government intended to reinstate his order of removal and deport him back to Mexico. ICE agents also referred his case to the U.S. Attorney's Office for prosecution. According to the parties' exhibits, ICE completed the case initiation form by December 17, 2021, the Government received Guajardo-Martinez's A-File—which contains a complete record of his immigration and criminal history—by the evening of December 20, 2021, and the Government made its request for a fingerprint match no later than December 22, 2021.

Ultimately, the Government filed a criminal complaint against Guajardo-Martinez on Thursday, December 23, 2021, and contemporaneously requested an arrest warrant to take Guajardo-Martinez into criminal custody. Homeland Security Investigators were sent to arrest Guajardo-Martinez that same day—however, due to a combination of the time the court issued the arrest warrant, the United States Marshals Service's ("USMS") tight Covid-19 testing procedures at the time, and the USMS' early intake closure on December 23 due to the incoming Christmas Eve holiday (which fell on a Friday), they were unable to arrest Guajardo-Martinez that day. Instead, federal agents took custody of Guajardo-Martinez the following week on Monday, December 27, 2021.

The Special Grand Jury indicted Guajardo-Martinez on January 25, 2022—41 days after ICE detained him, 34 days after the Government filed its complaint, and 30 days after USMS took him into custody—charging him with violating 8 U.S.C. § 1326(a) and 6 U.S.C. § 202(4).

## ANALYSIS

The Sixth Amendment of the United States Constitution guarantees criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. The STA requires the Government to file "[a]ny information or indictment charging an individual with the commission

of an offense . . . within 30 days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The statutory clock starts ticking once law enforcement detains the defendant on federal criminal charges. *See United States v. Clark*, 754 F.3d 401, 405 (7th Cir. 2014) ("To qualify as a federal arrest and trigger the 30–day period under the Act, therefore, an arrest must be for the purpose of bringing federal charges, and charges must be 'pending' when the person is arrested."). Here, Guajardo-Martinez contends that the STA's 30-day period began on December 16, 2021, when ICE arrested him. Alternatively, he argues that the 30-day clock started on December 23, 2021, when the Government filed its criminal complaint. The indictment would be untimely from either of these dates, being issued 41 or 34 days after each event, respectively. In general, however, civil detention does not count against the 30-day period, *see, e.g.*, *United States v. Cepeda-Luna*, 989 F.2d 353, 356 (9th Cir. 1993) (holding that INS detention did not automatically trigger 30-day clock), and Guajardo-Martinez was taken into civil custody pursuant to the civil removal provision, 8 U.S.C. § 1182(a)(9)(A)(ii) (concerning "Certain aliens previously removed"), Doc. 57-1 at 4. Guajardo-Martinez would thus need to show that his time in civil confinement should count towards the STA's deadline. Guajardo-Martinez argues that his time in civil confinement triggered the start of the STA clock, requiring the filing of an indictment within 30 days of his arrest by ICE, under the "ruse exception."

"[M]any circuits have indicated an exception to this general rule [that civil detention does not count toward the STA] when there is evidence of collusion between immigration and criminal prosecution authorities demonstrating that the alien's civil detention is a mere ruse to avoid application of the Speedy Trial Act." *United States v. Garcia-Echaverria*, 374 F.3d, 440 451 (6th Cir. 2004) (collecting cases from the 1st, 3d, 5th, 8th, 9th and 11th Circuits recognizing

3

this exception), *see also United States v. Guevara-Umana*, 538 F.3d 139, 141 (2d Cir. 2008) ("Ordinarily, administrative detention by the immigration authorities does not constitute an arrest in connection with a federal criminal offense. And we agree with at least seven other circuits that civil immigration detention does not normally trigger the Act's 30-day arrest-to-indictment time limit"). This ruse exception is "a narrow exception to prevent prosecutorial manipulation of STA deadlines." *United States v. Seals*, 130 F.3d 451, 455 (D.C. Cir. 1997). It applies if the defendant can show that "the primary or exclusive purpose of the civil detention was to hold [the defendant] for prosecution," *United States v. Drummond*, 240 F.3d 1333, 1336 (11th Cir. 2001) (citation omitted); *see also United States v. Pimentel-Ramirez*, 565 F. Supp. 3d 313, 317 (D.P.R. 2021) ("Authorities collude to prolong civil detention, circumventing the STA and allowing the criminal investigation to conclude."), and the criminal and civil charges are based on the same alleged misconduct, *see Cepeda-Luna*, 989 F.2d at 357 ("The requirements of the [Speedy Trial] Act would lose all meaning if federal criminal authorities could collude with civil or state officials to have those authorities detain a defendant pending federal criminal charges solely for the purpose of bypassing the requirements of the Speedy Trial Act."). Here, it is indisputable that Guajardo-Martinez's civil arrest was for the same alleged conduct that forms the basis for his criminal indictment, namely violating 8 U.S.C. § 1326(a). Section 1326(a) makes it a crime, among other things, for an alien who has been removed from the U.S. to reenter without the Attorney General's permission or without the alien establishing that no such permission was required; and, as previously discussed, ICE notified Guajardo-Martinez that he would be removed pursuant to the civil removal statute that concerns previously removed aliens. Thus, if Guajardo-Martinez can show that "federal criminal authorities [] collude[ed] with civil officials" such that "the primary or exclusive purpose of the civil detention was to hold [him] for

4

prosecution," *Cepeda-Luna*, 989 F.2d at 357; *Drummond*, 240 F.3d at 1336, he could invoke the ruse exception, *see United States v. Stolica*, No. 09-cr-30047, 2009 WL 4673893, at *1 (S.D. Ill. Dec. 3, 2009) ("While the Seventh Circuit has not squarely addressed civil detention and its applicability to the Speedy Trial Act or the ruse exception, the majority of its sister circuits have adopted it.").

However, Guajardo-Martinez cannot show that ICE primarily detained him for criminal prosecution; thus, the ruse exception cannot apply. The evidence shows that ICE detained Guajardo-Martinez on December 16, 2021, "pending his removal to Mexico." Doc. 57-1 at 4; *see also* Doc. 58-1 at 2 ("[T]he Secretary of Homeland Security intends to reinstate the order of removal entered against you."). Civil detention for the purposes of deportation is lawful and does not trigger the STA's 30-day deadline, even if an ongoing parallel criminal investigation exists. *See Guevara-Umana*, 538 F.3d at 141 ("Ordinarily, administrative detention by the immigration authorities does not constitute an arrest in connection with a federal criminal offense."). Guajardo-Martinez highlights ICE's referral of his case to and purported acceptance by the U.S. Attorney's Office on December 16, 2021 as proof that criminal prosecution was the primary basis for his detention, Doc. 57 at 1; Doc. 57-1 at 2; Doc. 57-2 at 1-2, but the fact that removal proceedings were advancing *simultaneously with* the criminal investigation means that criminal prosecution cannot have been "the primary or exclusive purpose of the civil detention" because the chance existed that ICE would deport Guajardo-Martinez before the U.S. Attorney's Office filed criminal charges, *Drummond*, 240 F.3d at 1336. To invoke the ruse exception, Guajardo-Martinez would need to show that that the twelve days he spent in ICE custody before transferring to the custody of the USMS "[was] an unreasonable amount of time to be held in civil detention while awaiting deportation pursuant to the reinstatement of a prior removal

5

order." *United States v. Saucedo*, 956 F.3d 549, 554 (8th Cir. 2020). But he cannot make that showing because twelve days is clearly a reasonable amount time for a detainee to wait in custody for deportation. *See, e.g.*, *id.* (holding that 26 days is reasonable); *see also* 8 U.S.C. § 1231(a) (authorizing maximum 90-day detention period to remove alien post-removal proceedings). Thus, Guajardo-Martinez cannot show that "the primary or exclusive purpose of the civil detention" was really to effectuate the Government's criminal prosecution against him, rendering his STA claim unsuccessful. *Drummond*, 240 F.3d at 1336.

Additionally, Guajardo-Martinez fails to show that "federal criminal authorities [colluded] with [ICE] officials" to circumvent the application of the STA and allow the criminal investigation to conclude, indicating that his detention was not a ruse. *Cepeda-Luna*, 989 F.2d at 357. Although Guajardo-Martinez argues otherwise, this Court would require some evidence of bad faith or investigational delay on behalf of the U.S. Attorney's Office to find that collusion occurred. *See United States v. Pasillas-Castanon*, 525 F.3d 994, 998 n.1 (10th Cir. 2008) (holding that the ruse exception's test "inherently raises questions of bad faith"). Instead, the evidence shows that the Government diligently worked to obtain the necessary evidence to bring its case. This includes confirming Guajardo-Martinez's identity through a fingerprint analysis, *see* Doc. 57-4 at 1, and collecting his A-File, *see* Doc. 57-3 at 1. And once the Government obtained (or was close to obtaining) this evidence, it quickly brought charges against Guajardo-Martinez. *See Pimentel-Ramirez*, 565 F. Supp. 3d at 317 ("Authorities collude to prolong civil detention, circumventing the STA and allowing the criminal investigation to conclude."); *cf. U.S. v. Restrepo*, 59 F. Supp. 2d 133 (D. Mass. 1999) (INS detained defendant for 65 days pre-indictment, triggering STA). Although Guajardo-Martinez argues that ICE officers "tendered forms acknowledging intent to reinstate the deportation order but then proceeded to take <u>no</u> steps

6

to deport [him,]" Doc. 57 at 6, it is unclear what steps Guajardo-Martinez insists ICE must have taken short of actually removing him. The record already shows that the Government provided Guajardo-Martinez notice that he would be removed, Doc. 58-1 at 1, and the Government proffers that he was processed too late on December 16, 2021, to have been flown to Mexico on the 17th (the very next day), and that there was no flight scheduled for the next week on the 24th due to the Christmas Eve holiday, Doc. 58 at 8–9. As such, Guajardo-Martinez's assertions that ICE made no effort to deport him fall flat because it does not appear that ICE could have taken additional steps prior to the Government filing its complaint. Because the criminal and civil authorities did not collude to hold Guajardo-Martinez for prosecution, the ruse exception cannot apply, and his STA claim fails. *See Cepeda-Luna*, 989 F.2d at 357.

## CONCLUSION

The Court denies Guajardo-Martinez's motion to dismiss the indictment [57].

Dated: August 14, 2023

SARA L. ELLIS
United States District Judge